UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| *Plaintiff,* : | |
| v. : | Civil No. 13-221 |
| ANN M. WILLIAMS; and : | |
| ANN'S TAX SERVICE, LLC : | |
| *Defendant.* : | |

## COMPLAINT FOR PERMANENT INJUNCTION

Plaintiff, the United States of America, brings this complaint against Ann M. Williams and against Ann's Tax Service, LLC and states as follows:

### Jurisdiction and Venue

1) This suit is brought under 26 U.S.C. §§ 7402, 7407, and 7408 to enjoin Ann Williams, Ann's Tax Service, LLC, and anyone in active concert or participation with them from:

   a) Acting as a tax return preparer or otherwise directly or indirectly preparing or filing, or assisting in the preparation or filing of any federal tax return, amended federal tax return, and any other related documents and forms, for any other person or entity;

   b) Engaging in any activity subject to penalty under 26 U.S.C. §§ 6694, 6695, and/or 6701;

   c) Engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws; and

d) Engaging in any other activity subject to penalty under the Internal Revenue Code.

2) This action has been requested by the Chief Counsel of the IRS, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General of the United States, pursuant to 26 U.S.C. §§ 7401, 7402, 7407, and 7408.

3) Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a).

4) Venue is appropriate in this Court under 28 U.S.C. § 1391 because Defendant Ann Williams resides in Morganza, Louisiana, Pointe Coupee Parish, which is within this district.

5) Venue is appropriate in this Court under 28 U.S.C. § 1391 because Defendant Ann's Tax Service, LLC has its principal place of business in Morganza, Louisiana, Pointe Coupee Parish, within this judicial district.

**Williams' Background**

6) In approximately 2007, Ann Williams began preparing tax returns while working for Jabour Tax Service, which has its main place of business in La Place, La., and a satellite office in Morganza, La. Williams worked in the Morganza office and learned to prepare returns while on the job and by taking online training courses. Williams stopped working for Jabour Tax Service in June or July of 2010.

7) In June or July of 2010, Williams decided to open her own tax preparation business. She then applied for a Paid Preparer Tax Identification Number (PTIN) and Electronic Filing Identification Number (EFIN). Williams also took additional tax preparation classes through H&R Block and through Drake Software, a tax software and education provider.

8) Williams incorporated her business under the name Ann's Tax Service, LLC on October 6, 2010 and began operating the business out of her home.

9) Williams, through Ann's Tax Service, continued preparing federal income tax returns, for compensation, during the tax return filing season (generally January 1 through April 15) of 2011. During that time period, Williams filed at least 682 federal income tax returns for tax year 2010.

10) Ann's Tax Service obtains its customers through customer referrals. Ann's Tax Service also maintains a website at http://annstaxservice.com.

11) After the filing season in 2011, Williams moved Ann's Tax Service from her home into an office building located at 7384 LA Hwy 3050, Morganza, LA.

12) During the filing season in 2012, Williams filed 428 federal income tax returns, the majority of which were for tax year 2011, which identified her firm as Ann's Tax Service. During that same period of time, Williams filed at least 172 additional federal income tax returns without identifying Ann's Tax Service as her firm.

13) Williams was the sole tax return preparer for Ann's Tax Service, LLC from October 6, 2010 through 2012.

## Overview of the Tax Fraud Scheme

14) Williams, from October 6, 2010 through 2012, has continuously, repeatedly, and knowingly prepared false federal income tax returns for customers that resulted in an understatement of the customers' tax liability.

15) Williams engaged in a tax fraud scheme by reporting a variety of false positions in her customers' federal income tax returns. Most commonly, Williams prepared customers' returns containing false Schedules C, "Profit or Loss from Business," attached to Forms

Case 3:13-cv-00221-JJB-SCR   Document 1   04/08/13   Page 3 of 15

1040. Williams reported inflated or fabricated business expenses and/or she reported fictitious business income on her customers' Schedules C.

16) Due to Williams' reporting of bogus Schedule C income or deductions, and the resulting change to her customers' earned income, Williams also fraudulently claimed the earned income tax credit ("EITC") on behalf of many of her customers. The EITC is a refundable tax credit authorized by statute in order to assist certain low-income individuals. Only taxpayers whose earned income falls within a designated range are permitted to claim the EITC. See 26 U.S.C. § 32. By claiming this credit, a taxpayer's federal tax liability can be reduced below zero, entitling the taxpayer to a refund from the United States Treasury.

17) Williams knew, or should have known, that the false items she reported on her customers' returns would result in an understatement of her customers' federal income tax liabilities.

18) Williams also knew, or should have known, that the false items she reported on her customers' returns, which led to an understatement of their income tax liabilities, were due to unreasonable positions.

### Examples of Understatements of Liability Reported in Tax Returns Prepared by Williams

Glinda R.

19) Williams prepared a federal income tax return for Glinda R. for tax year 2010.

20) On the Schedule C attached to Glinda R.'s 2010 federal income tax return, Williams reported fabricated income and expenses for a fictitious tutoring business resulting in a claimed loss of $19,157. Glinda R. did not operate a tutoring business in 2010 and did not incur any of the expenses Williams reported on the Schedule C.

- 4 -

Case 3:13-cv-00221-JJB-SCR   Document 1   04/08/13   Page 4 of 15

21) Upon examination of Glinda R.'s 2010 return, the IRS determined that, due to the false items reported by Williams, Glinda R. had a tax deficiency of $3,569.

Barbara H.

22) Williams prepared a federal income tax return for Barbara H. for tax year 2010.

23) Williams reported false expenses on the Schedule C attached to Barbara H.'s 2010 federal income tax return; specifically, car and truck expenses inflated by approximately $9,000. Although Barbara H. provided Williams with records pertaining to her business expenses, Williams reported expenses in excess of those Barbara H. substantiated.

24) Williams also reported an inflated amount of charitable contributions on the Schedule A attached to Barbara H.'s 2010 federal income tax return. Barbara H. advised Williams that she gave $2,000 to charity in 2010, yet Williams reported charitable contributions totaling $6,000.

25) Upon examination of Barbara H.'s 2010 return, the IRS determined that, due to the false items reported by Williams, Barbara H. had a tax deficiency of $2,119.

Lynell J.

26) Williams prepared Lynell J.'s federal income tax return for tax year 2010.

27) On the Schedule C for an ironwork business attached to Lynell J.'s 2010 federal income tax return, Williams reported an inflated amount for Gross Receipts of $11,989; this amount was inflated by approximately $7,400. Lynell J. told Williams that he only earned $4,500 performing ironwork during 2010.

28) On Lynell J.'s 2010 return, Williams also reported that Lynell J. had two dependents who were qualifying children for purposes of the EITC. However, upon an examination of

Lynell J.'s 2010 return, the IRS determined that Lynell J. had no dependents that were qualifying children for purposes of the EITC.

29) As a result of increasing Lynell J.'s earned income by approximately $7,400 and reporting that he had two dependents, Williams claimed the EITC on behalf of Lynell J. in an amount of $4,590; a credit to which Lynell J. was not entitled.

30) After examining Lynell J.'s 2010 return as prepared by Williams, the IRS determined that due to the false items reported by Williams, Lynell J. had a tax deficiency of $3,619.

Antonia H.

31) Williams prepared Antonia H.'s federal income tax return for tax year 2010.

32) On the Schedule C attached to Antonia H.'s 2010 federal income tax return, Williams reported fabricated expenses for a catering business resulting in a loss of $19,011. Antonia H. provided a very limited amount of catering services and did not incur the expenses reported on the Schedule C by Williams. In fact, Antonia H. did not tell Williams that she incurred any expenses for her catering services nor did she provide Williams with any documents showing that she incurred such expenses.

33) After examining Antonia H.'s 2010 return as prepared by Williams, the IRS determined that due to the false items reported by Williams, Antonia H. had a tax deficiency of $3,227.

Joan G.

34) Williams prepared Joan G.'s federal income tax return for tax year 2010.

35) On the Schedule C attached to Joan G.'s 2010 federal income tax return, Williams reported income and expenses for a fictitious catering business. Joan G. was not self-employed and did not have a catering business in 2010.

36) After examining Joan G.'s 2010 return as prepared by Williams, the IRS determined that due to the false items reported by Williams, Joan G. had a tax deficiency of $5,851.

Raymond L.

37) Williams prepared Raymond L.'s federal income tax return for tax year 2010.

38) On the Schedule C attached to Raymond L.'s 2010 federal income tax return, Williams reported fabricated expenses for Raymond L.'s lawn care business. Raymond L. no longer operated his lawn care business in 2010 and did not incur the expenses Williams reported on the Schedule C attached to his 2010 return.

39) After examining Raymond L.'s 2010 return as prepared by Williams, the IRS determined that due to the false items reported by Williams, Raymond L. had a tax deficiency of $4,888.

Yashica J.

40) Williams prepared Yashica J.'s federal income tax return for tax year 2010.

41) On the Schedule C attached to Yashica J.'s 2010 federal income tax return, Williams reported income and expenses for a fictitious janitorial business. Yashica J. was not self-employed and did not have a janitorial business in 2010; rather, Yashica J. worked as a custodian and received a Form W-2 that reported the wages she earned performing that job.

42) After examining Yashica J.'s 2010 return as prepared by Williams, the IRS determined that due to the false items reported by Williams, Yashica J. had a tax deficiency of $4,184.

Susan S.

43) Williams prepared Susan S.'s federal income tax return for tax year 2010.

44) On the Schedule C attached to Susan S.'s 2010 federal income tax return, Williams reported income in the amount of $2,987 and no expenses for a fictitious business. Williams also reported fictitious wages for Susan S. in the amount of $7,084. Susan S. was neither self-employed in 2010 nor did Susan S. earn any wages during 2010.

45) The bogus income reported by Williams on Susan S.'s tax return made it appear as though Susan S. was entitled to claim an EITC of $3,050. Williams fraudulently claimed that amount of EITC on behalf of Susan S. which resulted in Williams fraudulently claiming a refund on behalf of Susan S. totaling $3,028. The IRS issued that refund to Susan S.

46) After examining Susan S.'s 2010 return as prepared by Williams, the IRS determined that due to the false items reported by Williams, Susan S. had a tax deficiency of $3,028.

## IRS's Investigation

47) Williams prepared and filed at least 1,110 federal income tax returns between incorporating Ann's Tax Service in October of 2010 and July of 2012.

48) Of the 682 federal income tax returns for tax year 2010 filed by Williams, Williams attached a Schedule C to 299 returns, which is 44% of the returns Williams filed.

49) The IRS examined 262 returns filed by Williams for tax year 2010 and 2011. Each return examined, even those without an attached Schedule C, resulted in a tax deficiency and those tax deficiencies totaled $1,193,158.243. Of those 262 returns examined by the IRS, 243 returns had a Schedule C attached to it.

50) Based on the tax deficiencies actually assessed through examination, the average tax deficiency for each return prepared by Williams is $4,554. Therefore, the IRS conservatively estimates that the United States' total revenue loss from 44% of the 1,110

- 8 -

Case 3:13-cv-00221-JJB-SCR   Document 1   04/08/13   Page 8 of 15

federal income tax returns prepared by Williams for tax years 2010 and 2011 could be as much as $2,224,174.

## Count I:

## Injunction Under 26 U.S.C. §§ 7407 and 7408

48) The United States incorporates by reference the allegations in paragraphs 1 through 47.

49) Under 26 U.S.C. § 7407, the United States is authorized to seek an injunction against any tax return preparer who has engaged in any "fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws," or who has "engaged in any conduct subject to penalty under section 6694 or 6695."

50) Section 6694 provides that a tax return preparer is subject to penalty if he or she prepares a return or claim for refund understating the taxpayer's liability due to a position for which there is no substantial authority. 26 U.S.C. § 6694. A return preparer is subject to a larger penalty if the understatement of liability is due to the preparer's willful attempt to understate the liability or is the result of the reckless or intentional disregard of rules or regulations.

51) Section 6695(g) penalizes any tax return preparer who fails to comply with due diligence requirements with respect to determining a taxpayer's eligibility for, or the amount of, the EITC. 26 U.S.C. § 6695(g).

52) Additionally, 26 U.S.C. § 7407 authorizes the Court to enjoin a person from further acting as a return preparer if the preparer has continually or repeatedly engaged in such conduct and an injunction prohibiting only the unlawful conduct would not be sufficient to prevent the preparer from further interfering with the proper administration of the internal revenue laws.

53) Under 26 U.S.C. § 7408, the Court is authorized to enjoin any person from further engaging in conduct subject to penalty under I.R.C. § 6701, if the injunctive relief is appropriate to prevent recurrence of that conduct.

54) Section 6701 penalizes any person who prepares, or assists in the preparation of, any federal tax return, refund claim, or other document, knowing or having a reason to believe that it will be used in connection with any material matter arising under the internal revenue laws, and knowing that if so used it would result in an understatement of another person's tax liability. 26 U.S.C. § 6701.

55) Ann's Tax Service, LLC, acting through Williams, and Williams, individually, have continually and repeatedly prepared and submitted federal tax returns that improperly claim itemized deductions, falsely state losses or profits from businesses, and contain unrealistic, unreasonable, and frivolous positions with no basis in fact. Ann's Tax Service, LLC, acting through Williams, and Williams, individually, have willfully understated customers' correct tax liabilities and/or falsely claimed the earned income credit on their behalf and has thus engaged in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695(g), and 6701.

56) Ann's Tax Service, LLC, acting through Williams, and Williams, individually, have continually and repeatedly prepared tax returns that understate the tax liabilities of their customers and/or fraudulently claim the earned income tax credit or larger refunds than that which their customers are entitled, as a result of fabricated, inflated, and/or improper deductions.

57) Injunctive relief is appropriate to prevent this misconduct because, absent an injunction, Ann's Tax Service, acting through Williams, and Williams, individually, are likely to

- 10 -

continue to prepare false federal income tax returns and engage in other misconduct of the type described in this complaint.

58) Williams failed to exercise due diligence when she prepared returns by failing to confirm that her customers were eligible for the itemized deductions claimed or the losses claimed on the Schedules C and Williams failed to confirm that her customers were eligible for the earned income credit.

59) Ann's Tax Service and Williams should be permanently enjoined under 26 U.S.C. § 7407 from acting as tax return preparers because a more limited injunction would be insufficient to stop their interference with the proper administration of the tax laws. They should also be enjoined under 26 U.S.C. § 7408 from further engaging in conduct subject to penalty under 26 U.S.C. § 6701.

**Count II:**

**Injunction under 26 U.S.C. § 7402 for Unlawful Interference
With the Enforcement of the Internal Revenue Laws**

60) The United States incorporates by reference paragraphs 1 through 59.

61) Under 26 U.S.C. § 7402(a), this court is authorized to issue an injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under this statute "are in addition to and not exclusive of any and all other remedies." 26 U.S.C. § 7402(a).

62) Through the actions described above, Ann's Tax Service, LLC, acting through Williams, and Williams, individually, have engaged in conduct that substantially interferes with the administration and enforcement of the internal revenue laws, and they are likely to continue to engage in such conduct unless enjoined.

63) The conduct engaged in by Ann's Tax Service, acting through Williams, and Williams, individually, causes irreparable injury to the United States and an injunction under 26 U.S.C. § 7402(a) is necessary and appropriate.

64) Unless Ann's Tax Service and Williams are enjoined, the IRS will have to continue to devote substantial time and resources to examining their customers' tax returns and liabilities.

65) Unless Ann's Tax Service and Williams are enjoined, the customers relying on their federal tax return preparation services may be subject to additional tax liabilities along with interest and penalties as a result of Williams' fraudulent tax return preparation.

**WHEREFORE**, Plaintiff, the United States of America, prays for the following relief:

A. That the Court find that Ann M. Williams and Ann's Tax Service, LLC, have repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695(g), and 6701 and that injunctive relief is appropriate under I.R.C. §§ 7407 and 7408 to bar Ann Williams and Ann's Tax Service, LLC, from acting as tax return preparers and from engaging in conduct subject to penalty under 26 U.S.C. § 6701;

B. That the Court find that Ann M. Williams and Ann's Tax Service, LLC, have engaged in conduct that interferes with the enforcement of the internal revenue laws and substantially interferes with the proper administration of the internal revenue laws, and that injunctive relief against them is appropriate to prevent the recurrence of that conduct pursuant to 26 U.S.C. §§ 7407 and 7402(a);

C. That the Court, under 26 U.S.C. §§ 7402 and 7407, enter a permanent injunction prohibiting Ann M. Williams and Ann's Tax Service, LLC and their

representatives, agents, servants, employees, attorneys, independent contractors, and anyone in active concert or participation with them, from directly or indirectly;

    a)     Acting as a tax return preparer or otherwise directly or indirectly preparing or filing, or assisting in the preparation or filing of any federal tax return, amended federal tax return, and any other related documents and forms, for any other person or entity;

    b)     Engaging in any activity subject to penalty under 26 U.S.C. §§ 6694, 6695, and/or 6701;

    c)     Engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws; and

    d)     Engaging in any other activity subject to penalty under the Internal Revenue Code.

D.     That the Court, under 26 U.S.C. § 7402, enter an injunction requiring Ann M. Williams and Ann's Tax Service, LLC to contact by mail or by email (if an address is known), all persons and entities for whom they prepared any federal tax return or other tax-related document after January 1, 2011 and inform those persons of the entry of the Court's findings concerning the falsity of representations Williams, individually and acting as an agent for Ann's Tax Service, made on her customers' tax returns, and that a permanent injunction has been entered against both Ann's Tax Service, LLC, and Ann Williams. Williams, individually and as an agent for Ann's Tax Service, must mail the copies within 30 days of the date of this order and must, within 5 days thereafter, provide to

counsel for the United States a certificate of compliance, signed under penalty of perjury, stating that she has complied with this requirement. The mailings shall include a cover letter in a form either agreed to by counsel for the United States or approved by the Court, a copy of the Order of Permanent Injunction, and shall not include any other documents or enclosures;

E. That the Court, under 26 U.S.C. § 7402, enter an injunction requiring Ann Williams and Ann's Tax Service, LLC to turn over to counsel for the United States a list of the names, addresses, e-mail addresses, phone numbers, and Social Security numbers of all individuals or entities for whom they have prepared or helped to prepare any tax-related documents, including claims for refund or tax returns since January 1, 2011. Williams, individually and as an agent for Ann's Tax Service, must provide this list within 30 days of the date of the injunction;

F. That the Court order that the United States is permitted to engage in post-judgment discovery to ensure compliance with the permanent injunction; and

G. That this Court grant the United States such other relief, including costs, as is just and equitable.

Respectfully submitted,

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY


/s/Natalie Sexsmith
NATALIE T. SEXSMITH
NJ Bar No: 037132006
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2251
Fax: (202) 514-6770
E-mail: Natalie.T.Sexsmith@usdoj.gov


/s/John J. Gaupp
John J. Gaupp, LBN 14976
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: john.gaupp@usdoj.gov
*Local Counsel*